IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **BEST RATE TOWING & REPAIR, INC., ET AL.,**<br><br>      **Plaintiffs,**<br><br>vs.<br><br>**ZIPLOCAL, L.P.,**<br><br>      **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:11CV345DAK<br><br>Dale A. Kimball |

    This matter is before the court on Defendant Ziplocal L.P.'s Motion to Dismiss Plaintiffs' Second Amended Complaint and Defendant Ziplocal's Motion to Strike Plaintiffs' Class Allegations.  The court held a hearing on the motions on January 25, 2012.  At the hearing, Plaintiffs were represented by Jeffrey M. Doud, Lynn Heward, and Donald Dalton, and Defendant was represented by Dan R. Larsen and Kimberly Neville.  The court took the matter under advisement.  The court has considered the memoranda and other materials submitted by the parties, as well as the law and facts relating to the motions.  Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

    Plaintiffs are Montana entities who chose to advertise in Defendant Ziplocal's regional telephone directories.  In 2008 and 2009, Plaintiffs entered into Service Agreements with Ziplocal in which they purchased advertising for the 2009 and 2010 directories on the terms and conditions set forth in the contract.  Plaintiffs now contend that Ziplocal's sales agents defrauded

the Plaintiffs in negotiating the contracts and that Ziplocal breached its advertising contract by failing to distribute telephone directories in a reasonable manner.

Section 4 of the "Terms and Conditions" portion of the Service Agreement provides that "Publisher agrees to exercise reasonable care to see that delivery of the Directory is complete and accurate. However, Advertiser understands that Publisher makes no guarantee that 100% delivery to every household and business is achievable." The Service Agreement further provides that "[a]s publisher, PDC reserves the right to establish and revise its standards, policies, practices, specifications and technical requirements and schedules with respect to any and all of its directories, advertising products and services, including but not limited to names, headings, listings, navigation and operational systems, indexes, maps, directories, links, scope, size, distribution, lifecycle, and pricing (collectively referred to herein as "PDC Policies")."

The Service Agreement also contains a merger clause stating that the written agreement "constitutes the entire Agreement between the parties and supercedes all prior agreements, whether express or implied, or whether written or oral." The clause continues to provide that "neither party shall be bound by any oral agreements or special arrangements contrary to or in addition to the terms and conditions as stated herein, or handwritten hereon, nor does any agent or employee of Publisher have the authority to vary any of the terms of this Agreement." The Service Agreement further requires any modification or amendment to the agreement to be in a "written instrument signed by authorized agents of the parties."

Plaintiffs' Second Amended Complaint alleges three causes of action: (1) fraud; (2) breach of contract; and (3) gross negligence. Plaintiffs have also filed as a Class Action, with seven named parties at present.

DISCUSSION

Defendants move to dismiss all three causes of action in Plaintiffs' Second Amended Complaint and to strike Plaintiffs' class allegations.

**Motion to Dismiss**

**1. Tort Claims**

Ziplocal argues that Plaintiffs' tort claims for fraud and gross negligence should be dismissed because Ziplocal does not owe any duty to Plaintiffs outside of the contracts. Utah law provides that tort claims that are based upon the mere failure to fulfill a contractual promise are not actionable other than as a breach of contract claim. *Lee v. Thorpe*, 147 P.3d 443, 446 (Utah 2006) ("[W]hen a conflict arises between parties to a contract regarding the subject matter of that contract, the contractual relationship controls, and parties are not permitted to assert actions in tort in an attempt to circumvent the bargain they agreed on."). Therefore, under Utah law, in order to state a claim for fraud or gross negligence, the duties and facts that form the basis of the tort claim must differ from the circumstances upon which a breach of contract claim is based.

Here, Plaintiffs are attempting to sue Ziplocal in tort based upon an alleged duty that arose solely out of the contract. Plaintiffs' tort claims allege that Ziplocal misled Plaintiffs by representing that its telephone directories would be distributed to 100% of the distribution area. These allegations are substantively identical to the allegations in Plaintiffs' breach of contract claim. This is not a case where Ziplocal had any duty of care to Plaintiffs outside the contractual duties set forth in the Service Agreement. It is distinguishable from the product liability and third-party insurance cases cited by Plaintiffs. Moreover, Plaintiffs' claim that public policy considerations could allow the court to deny the motion to dismiss is not supported by law.

Accordingly, Plaintiffs' tort claims are dismissed.

**2. Breach of Contract Claim**

Next, Ziplocal argues that Plaintiffs' breach of contract claim should be dismissed because it is barred by the plain language of the agreement and the agreement has a fully integrated merger clause. Plaintiffs argue, however, that Ziplocal's Motion to Dismiss should be denied because Plaintiffs' breach of contract claim is premised on an express provision within the Service Agreement, the Service Agreement is ambiguous, and Ziplocal breached the implied covenant of good faith and fair dealing, which gives rise to a breach of contract claim.

When the terms of a contract are clear and unambiguous, the court may interpret the contract and enter judgment as a matter of law. *Overson v. United States Fidelity & Guaranty Co.*, 587 P.2d 149, 151 (Utah 1978). The provision at issue is Section 4 of the "Terms and Conditions" portion of the Service Agreement, which provides that "Publisher agrees to exercise reasonable care to see that delivery of the Directory is complete and accurate. However, Advertiser understands that Publisher makes no guarantee that 100% delivery to every household and business is achievable." The Service Agreement further provides that "[a]s publisher, PDC reserves the right to establish and revise its standards, policies, practices, specifications and technical requirements and schedules with respect to any and all of its directories, advertising products and services, including but not limited to names, headings, listings, navigation and operational systems, indexes, maps, directories, links, scope, size, distribution, lifecycle, and pricing (collectively referred to herein as "PDC Policies")."

Furthermore, when a contract is integrated, parol evidence may not be introduced to vary or alter the plain language of the contract. *Tangren v. Tangren*, 2008 UT 20, ¶ 11. The Service

Agreement in this case contains a merger clause stating that the written agreement "constitutes the entire Agreement between the parties and supercedes all prior agreements, whether express or implied, or whether written or oral."  The clause further provides that "neither party shall be bound by any oral agreements or special arrangements contrary to or in addition to the terms and conditions as stated herein, or handwritten hereon, nor does any agent or employee of Publisher have the authority to vary any of the terms of this Agreement."

Plaintiffs' Second Amended Complaint alleges that Ziplocal "breached the contract by failing to print enough books to distribute one to each and every household and business located within the represented 'distribution and coverage' area." Second Am. Compl. ¶ 75.  Plaintiffs rely on the contractual provision stating that Ziplocal would exercise reasonable care to see that delivery of the directory is complete and accurate to assert that Ziplocal breached an express provision of the contract. *Id.* ¶¶ 76 & 77.  The breach of contract claim in the Second Amended Complaint also states: "Additionally, distribution, 'door to door,' to one hundred percent (100%) or as close as practicable thereto, of the businesses and household[s] in the geographical region depicted in the 'Coverage Maps' developed and distributed by Defendant's was perfectly consistent with the agreed common purpose of the contract and Plaintiffs' justifiable expectations thereunder.  Therefore Defendant's breach of the aforementioned contracts constitutes a breach of the implied covenant of good faith and fair dealing that exists in every contract." *Id.* ¶¶ 80, 81.

Although Plaintiffs' breach of contract claim is based upon Plaintiffs' allegation that Ziplocal failed to print enough books to distribute one to "each and every" household and business located within the represented distribution area, the plain language of the Service Agreement does not require Ziplocal to distribute directories to 100% of the households or

businesses in the distribution area. In fact, to the contrary, the plain language of the Service Agreement states that 100% distribution is not guaranteed and not achievable. Plaintiffs cannot sue for breach of a purported obligation that is not found in the contract.

Plaintiffs, however, argue that Ziplocal breached the express contractual language in which Ziplocal undertook the duty to "exercise reasonable care to see that delivery of the Directory is complete and accurate." This requirement, however, cannot be used to contradict the plain language of the contract that states 100% distribution is not possible. Plaintiffs contend that the reasonable care provision conflicts with the provision stating that 100% distribution is not achievable and that the two provisions cannot be harmonized. However, the reasonable care provision is not directly at odds with the provision stating that distribution cannot be made to 100% of the households and businesses. The reasonable care language can only be read to mean that delivery will be complete and accurate at whatever level of distribution is achievable. Accordingly, the court finds no conflict and no need to resort to extrinsic evidence regarding the parties intent at the time of contracting.

Plaintiffs further argue that distribution had to be as close to 100% as practicable. But Plaintiffs are reading requirements into the Service Agreement that do not exist. Nowhere in the agreement does it state that distribution had to be as close to 100% as practicable. The agreement actually allows Ziplocal discretion in determining the level of distribution. The court cannot rewrite the terms of the contract to make it more favorable for one side. The parties are bound by the terms of the agreement to which they agreed.

Moreover, Plaintiffs' claim that one of Ziplocal's sales representatives made representations to Plaintiffs that 100% distribution was guaranteed is not actionable because of

the Service Agreement's integration clause.  The terms of the agreement govern the parties' relationship.  Utah courts have routinely upheld dismissal of claims as a result of similar integration clauses.  *Enerco, Inc. v. SOS Staffing Services, Inc.*, 2002 UT 78, ¶ 11; *Tangren*, 2008 UT 20 at ¶16.  The Service Agreement in this case specifically states that neither party shall be bound by any oral agreements, that agents or employees cannot vary the terms of the Service Agreement, and that modifications of the Agreement have to be in writing.  Extra-contractual discussions with sales representatives cannot displace specific contractual provisions.  Plaintiffs entered into the written Service Agreement and our bound by its terms.  The terms of the agreement cannot be re-written through litigation.  Utah courts recognize that the purpose of a merger clause is "to preclude the subsequent introduction of evidence of preliminary negotiations or of side agreements in a proceeding in which a court interprets the document."  *Tangren*, 2008 UT at ¶13.

      Finally, Plaintiffs argue that Ziplocal's motion to dismiss should be denied because the implied covenant of good faith and fair dealing requires that Ziplocal perform its obligations based on the intent of the Service Agreement and not to do anything that would intentionally injure Plaintiffs' right to receive the benefits under the contract.  Here, Plaintiffs claim that Ziplocal breached the covenant of good faith and fair dealing because Ziplocal has not acted in a manner consistent with the agreed common purpose of the contract.  Moreover, Plaintiffs argue that Ziplocal should not be allowed to escape the objective standard of reasonableness imposed by the covenant simply because it drafted a contract that gave itself unfettered discretion to alter the terms of the contract to its own benefit.

      Plaintiffs have not alleged a claim for breach of the covenant of good faith and fair

dealing, which is a separate cause of action under Utah law. However, even if this court considered the allegations within the breach of contract claim to assert a claim for the breach of the covenant of good faith and fair dealing, there are no allegations suggesting that the covenant was breached. The covenant cannot be invoked to alter existing rights under a contract. Plaintiffs rely heavily on *Markham v. Bradley*, but that court recognized that the court "will not use this covenant to achieve an outcome in harmony with the court's sense of justice but inconsistent with the express terms of the applicable contract." 2004 UT 101, ¶45. It is settled law that the covenant of good faith and fair dealing cannot circumvent the plain language of the agreement. The Service Agreement in this case provides no guarantees as to distribution. Accordingly, the court finds no basis for Plaintiffs to allege a breach of the covenant of good faith and fair dealing.

The court concludes that under the plain language of the Service Agreement Plaintiffs have not stated a claim for breach of contract. Moreover, to the extent that Plaintiffs have attempted to allege a claim for breach of the implied covenant of good faith and fair dealing, the claim is without merit. Accordingly, the court grants Ziplocal's motion to dismiss.

### Defendant's Motion to Strike Class Allegations

Because the court has concluded that Plaintiffs' Second Amended Complaint fails to state a claim upon which relief may be granted, Ziplocal's motion to strike class allegations is MOOT.

### CONCLUSION

Based on the above reasoning, Defendant Ziplocal L.P.'s Motion to Dismiss is GRANTED and Defendant Ziplocal L.P.'s Motion to Strike Class Allegations is MOOT. The Clerk of Court is directed to close the case.

DATED this 24th day of February, 2012.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge